NEWTON WAINSCOTT *v.* COMMONWEALTH.

**Criminal Law—Evidence of Dying Declarations.**
> To be admissible as evidence dying declarations must be made under a sense of impending death. There must be an impression of almost immediate dissolution.

**Evidence.**
> A defendant in a charge of homicide, asserting self-defense, should be permitted to prove the state of his clothing and the bruised condition of his face on the evening succeeding the affray.

APPEAL FROM OWEN CRIMINAL COURT.

March 21, 1876.

OPINION BY JUDGE LINDSAY:

Certain witnesses, against the objections of the appellant, were allowed to prove statements made by the deceased, relative to the circumstances attending the shooting and wounding from which he died. The question is whether these statements were admissible as dying declarations.

William Clifton proves that the deceased said all the time he did not think he would recover. He said as soon as shot, "I am shot and killed. I will never get well. I do not think I will ever get well." Another witness proved that he said he was badly hurt, and that he was badly shot, and still another proved that he said he did not think he could get well and still another that he said he believed he would die.

This is the substance of all that is proved relative to the opinion or belief of the deceased as to his condition. There is nothing to show that his physician, or any other person informed him of the nature of his injuries or of the danger of impending death. It is essential to the admissibility of dying declarations that they shall be made under a sense of impending death. There must be an impression of almost immediate dissolution. If it appears that the deceased

at the time of the declaration had any expectation or hope of recovery, however slight it may have been, and though death actually ensued in an hour afterwards, it is inadmissible. Nor is it enough that he believed that he would not recover. There must also have been a prospect of immediate dissolution. 1 Greenleaf on Evidence, Sec. 158. The exclamation made at the time of the shooting, and when the deceased was necessarily ignorant of the nature and extent of his wounds, is not sufficient.

None of his statements show that he regarded his speedy death as the necessary result of his injuries. He seems to have believed that he would ultimately die. He did not think he would recover, but he is not proven to have spoken at any time under a sense of almost immediate dissolution. The proof does not show that at the time he was speaking there was a prospect of speedy death. If the deceased was attended by a physician, his testimony would have thrown much light upon this branch of the case; but he was not examined as a witness. We are constrained to conclude that the proof as to the opinion of the deceased with regard to the character of his wounds, and the probability of his speedy death was not such as to authorize his statements to be proved to the jury, and that the objections of the appellant should have been sustained.

The appellant has no right to complain on account of the exclusion of the evidence touching the experiments made, as to whether the report of the pistol could be heard at the distance testified to by one of the witnesses examined by the commonwealth. It was proper to allow the commonwealth to prove that the appellant fired off a pistol, on the morning of the shooting. That fact tended to show that he was armed when the affray with the deceased commenced.

The proof of his announcement, made on the same morning, as to what he intended to do on that day, ought to have been excluded. He made no reference to the deceased, nor to William Clifton, and there is nothing in proof to show that he then entertained hostile feelings toward either of them.

The appellant should have been allowed to prove the state of his clothing and the bruised condition of his face on the evening succeeding the affray. His plea of self-defense rested upon proof conducing in some degree to show that the deceased had thrown him upon the ground, and was assaulting him, when the shooting was done. These facts were pertinent to that issue; and as it was not proved or charged that he had soiled his clothing, or had been in-

jured at some other time and place, the evidence should have been permitted to go to the jury, for what it was worth.

. We perceive no objection to the action of the court in giving instructions to the jury. For the errors indicated in admitting and rejecting evidence, the judgment is *reversed* and the cause remanded for a new trial upon principles consistent with this opinion.

*Grover & Montgomery, J. D. Lillard, for appellant.*
*O. D. McNamara, T. E. Moss, for appellee.*

